**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BENJAMIN NEWTON,

Plaintiff,

v. CASE NO.:

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMTION SOLUTIONS, INC.,
TRANS UNIONS LLC and TD BANK,
NATIONAL ASSOCIATION D/B/A TD
AUTO FINANCE,

Defendants.
___________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, BENJAMIN NEWTON (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union") and TD BANK, NATIONAL ASSOCIATION D/B/A TD AUTO FINANCE LLC (hereinafter "TD Auto Finance"), (hereinafter collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Pinellas County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

14. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

15. Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

18. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19. TD Auto Finance is a national association with its principal place of business in the State of Michigan, and upon information and belief, TD Auto Finance regularly conducts business within the State of Florida, including extending and servicing consumer automobile financing to Florida residents such as Plaintiff. through its registered agent United States Corporation Company located at 1201 Hays Street, Tallahassee, FL 32301.

20. TD Auto Finance is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21. TD Auto Finance furnished information about Plaintiff to Equifax, Experian, and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

22. On or about January 13, 2022, Plaintiff financed the purchase of a vehicle through an auto loan with TD Auto Finance, with the account ending in 2478.

23. From the start of the loan, Plaintiff was enrolled in TD Auto Finance's automatic payment ("autopay") program and had never missed a payment prior to the events described herein.

24. In November 2025, TD Auto Finance failed to withdraw the scheduled autopay payment from Plaintiff's bank account, through no fault of Plaintiff.

25. In December 2025, TD Auto Finance withdrew two payments from Plaintiff's account, which is when Plaintiff first became aware that the November 2025 payment had never been withdrawn.

26. Immediately upon learning of the missed November 2025 payment, Plaintiff paid both the November and December 2025 payments in full, bringing the account current.

27. Despite the account being brought up current, Plaintiff subsequently received a letter from TD Auto Finance advising that TD Auto Finance intended to report the account as thirty (30) days past due for December 2025.

28. Plaintiff disputed the reporting directly with TD Auto Finance, explaining that the missed payment resulted from TD Auto Finance's own failure to process the scheduled autopay withdrawal and not from any act or omission by Plaintiff.

29. TD Auto Finance refused to remove the derogatory late payment remark despite Plaintiff's dispute.

30. Plaintiff's TD Auto Finance account shows a 30-day late payment remark for December 2025.

31. On or about April 4, 2026, Plaintiff created online accounts with the CRAs and uploaded his disputes directly to all three CRAs – Equifax, Experian, and

Trans Union – disputing the accuracy of the 30-day late payment TD Auto Finance was reporting for December 2025.

32. On or about April 7, 2026, Equifax responded to Plaintiff's dispute. Equifax updated the account but continued to report the disputed 30-day late payment.

33. On or about April 21, 2026, Experian responded to Plaintiff's dispute. Experian updated the account but continued to report the disputed 30-day late payment.

34. On or about April 28, 2026, Trans Union responded to Plaintiff's dispute. Trans Union also updated the account but continued to report the disputed 30-day late payment.

35. Upon information and belief, each of the CRAs forwarded Plaintiff's dispute to TD Auto Finance for verification, and TD Auto Finance verified the derogatory 30-day late payment as accurate without conducting a reasonable investigation, despite having in its own possession of the account history showing that the missed payment was the result of its own failure to process the scheduled autopay withdrawal.

36. Equifax failed to conduct any independent investigation into Plaintiff's dispute, but rather parroted the information it received from TD Auto Finance.

37. Equifax never attempted to contact Plaintiff during the alleged investigation.

38. Experian failed to conduct any independent investigation into Plaintiff's dispute, but rather parroted the information it received from TD Auto Finance.

39. Experian never attempted to contact Plaintiff during the alleged investigation.

40. Trans Union failed to conduct any independent investigation into Plaintiff's dispute, but rather parroted the information it received from TD Auto Finance.

41. Trans Union never attempted to contact Plaintiff during the alleged investigation.

42. TD Auto Finance failed to conduct a reasonable investigation of Plaintiff's dispute and instead merely compared its own erroneous data against itself, verifying as accurate information it knew or should have known was incorrect.

43. As of the filing of this Complaint, upon information and belief, Equifax, Experian, and Trans Union each continue to report the disputed 30-day late payment for December 2025 on Plaintiff's credit file, despite Plaintiff's disputes.

44. Prior to the disputed reporting, Plaintiff had an otherwise perfect credit history, with no other derogatory or negative accounts reporting on his credit file.

45. As a direct and proximate result of the inaccurate 30-day late payment reporting, Plaintiff's credit score dropped to below 600.

46. During a credit line review, American Express reduced Plaintiff's credit line after the disputed late payment appeared on his credit report.

47. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make her credit file accurate. The Defendants continue to defame Plaintiff by reporting inaccurate delinquent payment behavior.

48. At any point during this process, had Defendants conducted a reasonable investigation in response to Plaintiff's disputes, the results would have been different, and the derogatory 30-day late payment would have been corrected or deleted.

49. Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

50. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost attempting to fix his credit, including postage, wasted ink and paper, and wasted time;

ii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

iii. Reduction in credit score as Defendants failed to properly investigate the disputed information;

iv. Denial of, and delay in applying for, additional credit due to fear of denials or reduced credit lines stemming from Plaintiff's lowered credit score, including the reduction of his American Express credit line; and

v. Defamation, as inaccurate information concerning Plaintiff has been published to third parties, including but not limited to entities calculating Plaintiff's credit score and those making soft or promotional inquiries.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services, LLC (Negligent)

51. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

52. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

53. Equifax allowed a furnisher, TD Auto Finance, to report inaccurate and erroneous late payment information on Plaintiff's credit file.

54. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

55. Equifax selects to parrot the information provided by the furnisher rather than conduct a genuine re-investigation.

56. Equifax choses the illegitimate parroting of information despite consumers (life Plaintiff) providing ample evidence.

57. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

58. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

59. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services, LLC (Willful)**

60. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

61. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62. Equifax allowed a furnisher, TD Auto Finance, to report inaccurate and erroneous late payment information on Plaintiff's credit file.

63. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64. Equifax selects to parrot the information provided by the furnisher rather than conduct a genuine re-investigation.

65. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

66. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

67. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT III
**Violations of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services, LLC (Negligent)**

69. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

70. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

71. Despite the documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to TD Auto Finance.

72. Plaintiff provided Equifax with the information it needed to confirm that the disputed 30-day late payment for December 2025 was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

73. As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

74. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

75. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

a. WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services, LLC (Willful)**

76. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

77. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

78. Despite the documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to TD Auto Finance.

79. Plaintiff provided Equifax with the information it needed to confirm that the disputed 30-day late payment for December 2025 was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

80. As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

81. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

b. WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney’s fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Experian Information Solutions, Inc. (Negligent)**

83. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

84. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

85. Experian allowed a furnisher, such as TD Auto Finance, to report inaccurate and erroneous late payment information on Plaintiff's credit file.

86. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

87. Experian selects to parrot the information provided by the furnisher rather than conduct a genuine re-investigations.

88. Experian chose the illegitimate parroting of information despite Plaintiff providing ample evidence, including documentation showing the missed payment resulting from TD Auto Finance's own failure to process the scheduled autopay withdrawal.

89. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

91. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

c. WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Experian Information Solutions, Inc. (Willful)**

92. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

93. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

94. Experian allowed a furnisher, such as TD Auto Finance, to report inaccurate and erroneous late payment information on Plaintiff's credit file.

95. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

96. Experian selects to parrot the information provided by the furnisher rather than conduct a genuine re-investigation.

97. Experian chose the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence, including documentation showing the missed payment resulted from TD Auto Finance's own failure to process the scheduled autopay withdrawal.

98. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

d. WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney’s fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**<u>COUNT VII</u>**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

101. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

102. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

103. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, TD Auto Finance.

104. Plaintiff provided Experian with the information it needed to confirm that the disputed 30-day late payment for December 2025 was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

105. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

107. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT VIII**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

108. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

109. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

110. Despite the documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into

Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, TD Auto Finance.

111. Plaintiff provided Experian with the information it needed to confirm that the disputed 30-day late payment for December 2025 was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

112. As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Negligent)**

115. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

116. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

117. Trans Union allowed a furnisher, such as TD Auto Finance, to report inaccurate and erroneous late payment information on Plaintiff's credit file.

118. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

119. Trans Union selects to parrot the information provided by the furnisher rather than conduct a genuine re-investigation.

120. Trans Union chooses the illegitimate parroting of information despite Plaintiff providing ample evidence, including documentation showing the missed

payment resulted from TD Auto Finance's own failure to process the scheduled autopay withdrawal.

121. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

123. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney’s fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT X
## Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

124. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

125. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

126. Trans Union allowed a furnisher, such as TD Auto Finance, to report inaccurate and erroneous late payment information on Plaintiff's credit file.

127. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

128. Trans Union chose to parrot the information provided by the furnisher rather than conduct a genuine re-investigation.

129. Trans Union chooses the illegitimate parroting of information despite Plaintiff providing ample evidence, including documentation showing the missed payment resulted from TD Auto Finance's own failure to process the scheduled autopay withdrawal.

130. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and

emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

131. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

132. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT XI
## Violations of 15 U.S.C. § 1681i as to Defendant, Trans Union (Negligent)

133. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

134. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

135. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to TD Auto Finance.

136. Plaintiff provided Trans Union with the information it needed to confirm that the disputed 30-day late payment for December 2025 was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

137. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

138. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney’s fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XII**
**Violations of 15 U.S.C. § 1681i as to Defendant, Trans Union (Willful)**

140. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

141. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

in the disputes; and (v) relying upon verification from a source it knew or should have known was unreliable.

142. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to TD Auto Finance.

143. Plaintiff provided Trans Union with the information it needed to confirm that the disputed 30-day late payment for December 2025 was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise correct his credit file.

144. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

145. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

146. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## COUNT XIII
## Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, TD Bank, National Association D/B/A TD Auto Finance LLC (Negligent)

147. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

148. TD Auto Finance furnished inaccurate account information to Equifax, Experian, and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

149. After receiving notice of Plaintiff's disputes, TD Auto Finance violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous late payment information; (ii) failing to review all relevant information regarding same, including the account history showing that TD Auto Finance itself failed to process the scheduled November 2025 autopay withdrawal;

(iii) failing to accurately respond to Equifax, Experian, and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the consumer reporting agencies.

150. Plaintiff provided all the relevant information and documents necessary for TD Auto Finance to have identified that the disputed 30-day late payment was erroneous, including TD Auto Finance's own confirmation of automatic payment withdrawal and account history.

151. TD Auto Finance knowingly chose to follow procedures which did not review, confirm, or verify whether the disputed late payment was accurate before verifying it as accurate to the CRAs.

152. TD Auto Finance violated 15 U.S.C. § 1681s-2(b) by continuing to furnish and verify inaccurate information to Equifax, Experian, and Trans Union after it had been notified that the information it was furnishing was inaccurate.

153. As a direct result of this conduct, action, and/or inaction of TD Auto Finance, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

154. The conduct, action, and inaction of TD Auto Finance was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

155. Plaintiff is entitled to recover costs and attorney's fees from TD Auto Finance in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual damages against Defendant, TD Bank, National Association D/B/A TD AUTO FINANCE LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681s-2(b) as to Defendant,**
**TD Bank, National Association D/B/A TD Auto Finance LLC (Willful)**

156. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

157. TD Auto Finance furnished inaccurate account information to Equifax, Experian, and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

158. After receiving notice of Plaintiff's disputes, TD Auto Finance violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's

dispute of the erroneous late payment information; (ii) failing to review all relevant information regarding same, including the account history showing that TD Auto Finance itself failed to process the scheduled November 2025 autopay withdrawal; (iii) failing to accurately respond to Equifax, Experian, and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the consumer reporting agencies.

159. Plaintiff provided TD Auto Finance with all the relevant information and documentation necessary for TD Auto Finance to have identified that the disputed 30-day late payment was erroneous, including TD Auto Finance's own confirmation of automatic payment withdrawal and account history.

160. TD Auto Finance knowingly chose to follow procedures which did not review, confirm, or verify whether the disputed late payment was accurate before verifying it as accurate to the CRAs.

161. TD Auto Finance violated 15 U.S.C. § 1681s-2(b) by continuing to furnish and verify inaccurate information to Equifax, Experian, and Trans Union after it had been notified that the information it was furnishing was inaccurate.

162. As a direct result of this conduct, action, and/or inaction of TD Auto Finance, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

163. The conduct, action, and inaction of TD Auto Finance was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

164. Plaintiff is entitled to recover costs and attorney's fees from TD Auto Finance in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TD Bank, National Association D/B/A TD Auto Finance LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, BENJAMIN NEWTON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC;

EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and TD BANK, NATIONAL ASSOCIATION D/B/A TD AUTO FINANCE LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 11th day of September, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III.*
Frank H. Kerney, III, Esq.
Florida Bar #: 88672
Tennessee Bar #: 035859
Cell: (813) 951-8278
Facsimile: (844) 951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*